**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GAINESVILLE HOSPITAL DISTRICT | § | Case No. 17-40101 |
| D/B/A NORTH TEXAS MEDICAL | § | |
| CENTER,[1] | § | |
| | § | Chapter 9 |
| DEBTOR. | § | |

**DEBTOR'S EMERGENCY MOTION FOR AN ORDER APPROVING
NOTICE PROCEDURES AND LIMITING PUBLICATION**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Gainesville Hospital District d/b/a North Texas Medical Center (the "Debtor") files this *Emergency Motion for an Order Approving Notice Procedures and Limiting Publication* (the "Motion") pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 9007 and 9008, respectfully shows the Court as follows:

**JURISDICTION AND PROCEDURAL BACKGROUND**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  On January 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned municipal debt adjustment case (the "Case").

---

[1] The last four digits of the Debtor's federal tax identification number are: 1664. The location of the Debtor's principal place of business and the service address for the Debtor is: 1900 Hospital Blvd., Gainesville, TX 76240.

27790169.3                                     - 1 -

**STATEMENT OF FACTS**

**Description of the Debtor**

4. Gainesville Hospital District (the "District") was created pursuant to Chapter 211, 64th Legislature, 1975, now codified as Chapter 1077 Texas Special District Local Laws Code, as amended, and owns and operates North Texas Medical Center (the "Hospital"), an acute care hospital in Gainesville, Texas.

5. The Debtor provides acute medical care, outpatient services, rehabilitation services, a swing-bed program, and clinic services. The Hospital is licensed for 60 beds and the Debtor has approximately 254 employees. The Hospital serves as the primary care and acute care center for Gainesville, Texas, Cooke County, and portions of the surrounding counties. The Hospital is also a designated Trauma Level 4 facility offering 24-hour emergency services. The Hospital offers a wide range of essential services, including laboratory, medical imaging, cardiology, orthopedics, and rehabilitation.

6. The *Declaration of Ramin Roufeh in Support of Debtor's Chapter 9 Petition and Other Motions* filed contemporaneously with this Motion contains additional factual assertions and the Debtor expressly incorporates such assertions herein.

**Events Leading to Chapter 9**

7. Although the Debtor has always been committed to providing the highest level of patient care for the citizens of Cooke County and the surrounding areas, the Debtor has encountered serious financial difficulties to the point where it may not be able to meet payroll and continue operation of the Hospital. The Debtor is currently investigating its options to restructure its obligations in an attempt to avoid closing the Hospital. One of the options is a lease of the Hospital to a private operator. If that does not occur, the Debtor still must resolve its financial difficulties and remain in operation since it is the only acute care hospital in

Gainesville, Texas. The Debtor has past due expenses that must be paid in order to remain in operation. The Debtor also has obligations that must be funded in order to consummate the lease of the Hospital to the private operator.

8. The Debtor desires to implement a plan to adjust its debts. The Debtor attempted to negotiate with its creditors prior to filing its petition, but such attempt was futile because of the Debtor's mounting liquidity issues. Due to the number and disparate interest of the general unsecured creditors, the Debtor determined that it was impractical to attempt to negotiate reductions with the body of general unsecured creditors.

9. The filing of this Case and the protection of the automatic stay will provide the Debtor with much-needed breathing space to negotiate and confirm a plan of adjustment for its past debts and alleged liabilities, which are significant. Through chapter 9, the Debtor intends to focus its efforts and resources on moving forward to make the Hospital financially sound so that it can continue to provide the highest quality patient and medical care for the town and surrounding area.

## **RELIEF REQUESTED**

10. Pursuant to Bankruptcy Code § 105 and Bankruptcy Rules 2002, 9007, and 9013, the Debtor requests that the Court authorize the establishment of notice procedures in the Case. Bankruptcy Rule 9007 provides that the Court shall designate the time within which, the entities to whom, and the form and manner in which notice shall be given.

**Service of Papers**

11. Established notice procedures would be in the best interest of the Debtor and the Debtor's patients, creditors, and other parties in interest. Providing notice to every party in interest of every matter filed herein would be a burdensome expense on the Debtor and a waste of the Debtor's limited resources. Consequently, the procedure requested affords appropriate

notice to those parties most involved in, or affected by, the particular proceedings. At the same time, neither the Debtor nor other parties in interest will be required to spend unnecessary costs and fees for service when filing pleadings with the Court. The requested procedures appropriately balance the parties' interest in adequate notice against the potential expense to be incurred by the Debtor's estate.

12. The Debtor proposes to create a special service list (the "<u>Special Service List</u>") and requests that the Court order that notice in the Case need be served only upon any party against whom direct relief is sought by motion, application, or otherwise, and the Special Service List (collectively, the "<u>Special Notice Parties</u>"), except for matters or proceedings described in Bankruptcy Rule 2002(a)(5)&(7), (b), and (f).

13. The Special Service List shall include all parties listed on the Special Service List attached as hereto as **Exhibit 1**, including: (1) the Office of the United States Trustee; (2) the Debtor and its counsel; (3); various federal and state agencies; (4) the Office of the Attorney General of Texas; (5) counsel for any committee appointed under section 1102 of the Bankruptcy Code (as made applicable in this Case by section 901), or absent and prior to the appoint of any such committee, to each of the creditors on the list of 20 largest unsecured creditors filed by the Debtor; (6) the Debtor's lender, Universal Health Services, Inc., and its counsel; (7) any party whose interests are directly affected by a specific pleading; and (8) those parties who have formally appeared and requested notice in this proceeding by filing with the Court and serving upon counsel for the Debtor a written request for notice pursuant to Bankruptcy Rule 2002.

14. Notice pursuant to the Special Service List will not apply to the following:

    a. The Order Upon Commencement Of Chapter 9 Case Establishing Certain Deadlines And Notice Of Commencement Of Case, Of The Automatic Stay And Of The Order For Relief, in a form substantially similar to the attached **Exhibit 2**, which provides parties in interest with notice of the

    filing of the Case, notice of the imposition of the automatic stay, the deadline for filing objections to the petition, and the deadline for filing proofs of claim;

  b. Notice of the time limits set with respect to disclosure statements and plans of adjustment, which shall be governed by Bankruptcy Rules 2002 and 3017; and

  c. Notice of any hearing on dismissal of the Case, which shall be governed by Bankruptcy Rule 2002(a)(4).

All creditors and other parties in interest will receive notice of the foregoing in accordance with Rule 2002, at their last known address according to the books and records of the Debtor, or as provided to the Debtor, unless the Court orders otherwise.

 15. The Debtor will update the Special Service List to include the names and addresses of those persons or parties who have made a written request to be included on the Special Service List (i) every seven (7) days during the first thirty (30) calendar days of this Case; (ii) monthly thereafter through the pendency of this Case. The Debtor will file with the Court a notice of each updated Special Service List.

 16. To further conserve the Debtor's limited resources, the Debtor requests the Court to order that the filing of any pleading in this case, other than a proof of claim, on behalf of a Special Notice Party, via the CM/ECF System, shall constitute that party's consent to receive all future notices through the CM/ECF system. However, such party may request that notice be sent by first class mail to a specified address, or by electronic mail to a specified address, by **both** filing with the Court **and** serving on the Debtor's chapter 9 counsel a request for alternative service and/or change of address so stating. Counsel for any of the parties listed above, if counsel is added or other counsel is substituted in their place, may report this substitution by **both** filing with the Court and serving on the Debtor's chapter 9 counsel a request for special notice. Counsel making such request shall receive all future service through the CM/ECF system. However, such counsel may, in the request for special notice, request additional service by first class mail at any address.

17. The Debtor proposes that, to the extent that the foregoing is inapplicable, any party filing or causing the filing of a motion, complaint, response, objection, notice, application, request, or other paper in this bankruptcy case, shall be deemed to have consented to receive effective notice at the address appearing on such paper, and notice sent to that address shall be deemed to have been brought to the attention of such party.

18. Other than as set forth above, and unless otherwise required by Bankruptcy Rule 7004(h) the Debtor proposes that all notices in this case be provided by first class mail.

**Publication**

19. Additionally, the Debtor requests an Order designating which publications the notice attached as **Exhibit 2** must be published in order to fulfill the requirements of 11 U.S.C § 923. Pursuant to these procedures, the Debtor proposes to publish notice in the Gainesville Daily Register and The Bond Buyer.

## NOTICE

20. Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the Eastern District of Texas; (b) the Debtor's secured lender; (c) the Debtor's 20 largest unsecured creditors; (d) those persons who have formally appeared in this Case and requested service; and (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules.

## PRAYER

The Debtor respectfully requests that the Court enter an order substantially in the form of the proposed order attached as **Exhibit 3** (i) establishing notice procedures in the Case as requested above and as represented by the attached exhibits, or as otherwise approved by the Court, (ii) limiting publication pursuant to Bankruptcy Rules 9007 and 9008, and (iii) granting such other and further relief this Court deems just and equitable.

Dated: January 17, 2017

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ William R. Greendyke* ,
   William R. Greendyke (SBT 08390450)
   Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

AND

Ryan E. Manns (SBT 24041391)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
ryan.manns@nortonrosefulbright.com

**COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by the Electronic Case Filing system for the United States Bankruptcy Court for the Eastern District of Texas and in the manner and to the persons set forth in paragraph 20.

By: */s/ William R. Greendyke*