IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GAINESVILLE HOSPITAL DISTRICT | § | Case No. 17-40101 |
| D/B/A NORTH TEXAS MEDICAL | § | |
| CENTER, | § | |
| | § | Chapter 9 |
| DEBTOR. | § | |
| | § | |

**DEBTOR'S OBJECTION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' WITNESS & EXHIBIT LIST AND MOTION FOR PROTECTION**

Pursuant to Rule 26 the Federal Rules of Civil Procedure ("Federal Rules"), Rule 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Local Rules of the Bankruptcy Court for the Eastern District of Texas ("Local Rules"), Gainesville Hospital District d/b/a North Texas Medical Center (the "Debtor"), hereby files its *Objection and Motion for Protection* (the "Objection") to the *Official Committee of Unsecured Creditors' Witness & Exhibit List* (the "Witness List"). In support of its Objection, the Debtor respectfully states as follows:

**INTRODUCTION**

1. On March 24, 2017, the Official Committee of Unsecured Creditors (the "Committee") filed its Witness List for the March 28, 2017 hearing [Dkt. 93]. Included on that list of potential witnesses were William R. Greendyke and Ryan E. Manns.

2. Mr. Greendyke is a partner in Norton Rose Fulbright US LLP and serves as lead bankruptcy/trial counsel for the Debtor. Mr. Manns is Senior Counsel at Norton Rose Fulbright, and also serves as counsel for the Debtor in these proceedings.

3. The Committee's attempt to elicit testimony from the Debtor's trial counsel is improper, intrusive, and unwarranted. Any testimony from the Debtor's trial counsel is irrelevant to the ultimate question presented by the Committee's Application before the Court—whether the

28155758.2                                              1

Committee's counsel's fees should be paid by the Debtor. The Committee also has not demonstrated that either Mr. Greendyke or Mr. Manns will provide any information that is not otherwise available from other sources or publicly available information. Furthermore, any attempt to elicit testimony from either Mr. Greendyke or Mr. Manns would almost certainly intrude on the attorney-client privilege and work product protection afforded to the Debtor. Given the Committee's lack of justification for seeking the testimony of opposing counsel, the availability of the information from other sources, and the inherent privilege risks associated with such testimony, the Court should strike Mr. Greendyke and Mr. Manns from the Committee's Witness List, and enter an order preventing the Committee from seeking their testimony.

## RELIEF REQUESTED

4. Through this Objection, the Debtor seeks the entry of an order striking counsel for Debtor from the Committee's Witness List and the entry of a protective order preventing the Committee from calling counsel for the Debtor to testify during the March 28, 2017 hearing.

## ARGUMENT

5. The practice of calling counsel for an opposing party as a witness has "long been discouraged." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). A party seeking the deposition of opposing counsel must demonstrate that (1) there are no other means to obtain the information sought; (2) the information is material and non-privileged; and (3) the information is crucial to the preparation of the case. *See id.*; *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628-29 (6th Cir. 2002) (quashing deposition of opposing counsel when party failed to establish *Shelton* factors); *Lincoln Natl'l Life Ins. v. TCF Nat'l Bnak*, 2011 WL 13119407, at *2 (quashing deposition when the only information counsel could provide was protected by privilege and/or work product). This standard applies with equal force "to determine whether an opposing counsel may be called as a witness at trial." *Wilson Road Dev. Corp. v.*

*Fonabarger Concreters, Inc.*, 2015 WL 269795, at *1 (E.D. Mo. Jan. 21, 2015). When a party cannot make this showing, "good cause exists both to strike the opposing counsel from the witness list and to issue a protective order preventing the party from calling the opposing counsel to testify." *Id*.

6. Here the Committee cannot make the requisite showing to justify calling Debtor's counsel to testify. In the Committee's Response to the Debtor's Limited Objection to Application to Employ [Dkt. No. 91], the Committee in pertinent part argued that a conflict exists due to Norton Rose Fulbright's simultaneous representation of the Debtor and UHS, and thus retention and employment of the Committee's counsel is justified. This potential area of inquiry, however, is irrelevant to the ultimate issue before this Court of whether the Committee's counsel's fees should be paid by the Debtor.

7. As the Committee's Response shows, the fact that Norton Rose Fulbright represents both the Debtor and UHS (on matters unrelated to this case) is a matter of public record. While the Debtor certainly disputes that any alleged conflict justifies the employment of counsel for the Committee, there is simply no dispute that Norton Rose Fulbright provides legal services to both entities. Given this publicly available information, neither the testimony of Mr. Greendyke nor that of Mr. Manns will aid the Committee in establishing any disputed issue or fact for the purposes of this hearing. Any dispute about the impact of the alleged conflict is more appropriately handled by the argument of counsel and not the unnecessary live testimony of the Debtor's attorneys.

8. Moreover, any additional information that Debtor's counsel could provide regarding their representation of the Debtor, "even if relevant, likely also treads on the attorney-client privilege or the work-product rule." *See In re Wiggins*, 2000 WL 33712300, at *2-3 (Bankr. D. Idaho Apr. 10, 2000) (granting a protective order when "much of the information sought [from

opposing counsel] would require revelation of his privileged communications with his clients."). As described above, there is no dispute that Norton Rose Fulbright provides legal services to the Debtor and UHS, and Debtor's counsel can only offer testimony that is duplicative of this undisputed fact or that is protected by the attorney-client privilege and/or work product protections. Additionally, any additional information the Committee seeks regarding the Debtor's or its counsel's relationship with UHS is available from other sources (some of which are cited by the Committee in their Response), without the inherent risk of invading the attorney-client or work product protections.

9.  Given the lack of relevant information possessed by Debtor's counsel, the alternative sources from which the Committee can obtain any additional information, and the inherent privilege concerns, there is no basis for requiring Debtor's counsel to testify.

### CONCLUSION & PRAYER

For the foregoing reasons, the Debtor respectfully requests that the Court strike William R. Greendyke and Ryan E. Manns from the Official Committee of Unsecured Creditors' Witness & Exhibit List, and further requests that the Court enter a protective order preventing the Committee from calling counsel for the Debtor to testify during the March 28, 2017 hearing. The Debtor further requests such other and further relief that the Court deems just and proper.

Dated: March 27, 2017                     Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By:   */s/ William R. Greendyke*
    William R. Greendyke (SBT 08390450)
    Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

AND

Ryan E. Manns (SBT 24041391)
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
ryan.manns@nortonrosefulbright.com

**COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

    The undersigned attorney hereby certifies that counsel for the Debtor conferred with Counsel for the Committee via both telephone and e-mail in an effort to resolve this dispute without intervention from the Court. At the time of the filing of this Motion, the parties were unable to resolve their differences, necessitating the filing of this Motion.

                        */s/ William R. Greendyke*

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was served upon the counsel and parties of record, electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service.

                        */s/ William R. Greendyke*