IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| GAINESVILLE HOSPITAL DISTRICT § D/B/A NORTH TEXAS MEDICAL § CENTER,[1] § § | | Case No. 17-40101 |
| DEBTOR. § § | | Chapter 9 |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 41
FILED BY PRINCIPLE HS, LLC**

> **ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the Court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**
>
> **No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the Court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter.**

Gainesville Hospital District d/b/a North Texas Medical Center (the "Debtor") hereby files this Objection to the proof of claim filed by Principle HS, LLC ("PHS") on May 17, 2017, and amended on November 13, 2017 (Claim Nos. 41-1, 41-2) (the "Claim") and submit the *Declaration of Robbie Baugh in Support of Debtor's Objection to Proof of Claim No. 41 Filed*

---

[1] The last four digits of the Debtor's federal tax identification number are: 1664. The location of the Debtor's principal place of business and the service address for the Debtor is: 1900 Hospital Blvd., Gainesville, TX 76240.

29521309.6                                - 1 -

*by Principle HS, LLC*, filed contemporaneously with this Objection. In support of this Objection, the Debtor respectfully states as follows:

## I. RELIEF REQUESTED

1. The Debtor requests entry of an order pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Procedure for the Eastern District of Texas (the "Local Bankruptcy Rules"), disallowing or significantly reducing PHS's Claim by discounting the Claim to $52,781.51, or in the alternative, expunging and disallowing the claim altogether.

## II. JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Eastern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested in this Objection are sections 105(a) and 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Bankruptcy Rule 3007-1.

## III. BACKGROUND

**A.  THE MANAGEMENT SERVICES AGREEMENT**

5. The Debtor is a rural public hospital district operating as North Texas Medical Center (the "Hospital") and located in Gainesville, Texas. The Hospital is licensed for 60 beds and provides all normally associated inpatient and outpatient services, including intensive care, operating rooms, emergency medical services, laboratory, rehabilitation, radiology, obstetrics and gynecology, sleep medicine, and outpatient clinics.

6. On November 23, 2016, the Debtor and PHS entered into a Management Services Agreement (the "MSA"). Pursuant to the terms of the MSA, PHS agreed to provide various development and management services to a laboratory located within the Hospital in exchange for the Debtor paying PHS a monthly management fee (the "Management Fee"), in the amount of seventy percent (70%) of the Collected Revenue of the laboratory. The "Collected Revenue" was defined as "an amount equal to the total of any monies received from all sources, excluding any federal health care program, generated from the operations of the Laboratory less any refunds or recoupment, during any given month." MSA, ¶ 7(a). The MSA further provided that Management Fee would constitute full and complete compensation for all services provided by PHS pursuant to the MSA.

7. The term of the MSA commenced on November 23, 2016, with the Initial Term being a period of one year.[2] MSA, ¶ 8(a). The MSA also permitted the termination of the MSA without cause upon thirty (30) days written notice to the other party, provided that PHS would be entitled to receive the Management Fee for all services provided under the MSA prior to the effective date of termination. MSA, ¶ 8(d).

8. PHS ceased providing services to the Debtor on March 21, 2017. On April 5, 2017, the Hospital provided a notice of termination without cause pursuant to section 8(d) of the MSA, with an effective date of termination of May 5, 2017.

B. **THE BANKRUPTCY**

9. On January 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code, thereby commencing the above-captioned municipal debt adjustment case (the "Case"). A detailed description of the facts and

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the MSA.

circumstances leading to this Case is set forth in the *Declaration of Ramin Roufeh in Support of Debtor's Chapter 9 Petition and Other Motions* [Dkt No. 7].

10. On January 19, 2017, the Court entered its *Order Upon Commencement of Chapter 9 Case Establishing Certain Deadlines and Notice of Commencement of Case, of the Automatic Stay, and of the Order for Relief* [Dkt. No. 18], pursuant to which the Court, among other things, established May 17, 2017 as the deadline for all persons and entities holding or wishing to asset a claim against the Debtor that arose before the Petition Date to file proof of such claim in writing.

11. On May 17, 2017, PHS filed its initial proof of claim against the Debtor (the "Initial Claim"). In support of its Initial Claim, PHS alleges that the Debtor owes the following amounts:

- Management Fee of approximately $758,800, based on services provided between December 1, 2016 and the Petition Date;

- Management Fee of approximately $543,900, based on services provided between the Petition Date and March 21, 2017, less a partial payment of $72,645.06, for a total of $471,254.94; and

- Unliquidated amounts in connection with and/or under the MSA, such as claims based on the Debtor's fraudulent inducement of PHS to enter into the MSA, the Debtor's breach of the MSA, and the Debtor's wrongful termination of the MSA.

12. PHS amended its proof of claim on November 13, 2017 (the "Amended Claim"), asserting a new amount of $4,086,544.94 (the "Claim Amount") against the Debtor, broken into the following amounts:

- Pre-Petition Management Fee of $758,800;

- Post-Petition Management Fee of $471,254.94; and

- Estimated damages for fraudulent inducement, breach of contract, and wrongful termination of $2,856,490, which is the amount PHS estimates it would have received during the remainder of the Initial Term.

13. Both the Initial Claim and the Amended Claim were filed as a general unsecured claim.

## IV.     OBJECTION

14. By this Objection, the Debtor seeks to disallow or reduce the Claim to $52,781.51, the undisputed amount of fees due to PHS as a Management Fee for its services, less the partial payment made by the Debtor, or in the alternative, expunging and disallowing the claim altogether. The Claim, devoid of any supporting evidence, vastly overstates the estimated fees owed for services PHS provided for the benefit of the Debtor from December 1, 2016 through March 21, 2017. Additionally, PHS has failed to state a claim upon which relief can be granted for its "unliquidated claims" against the Debtor, and therefore the Claim must be disallowed with respect to these claims.

**A.     PHS's Claim is Not Entitled to a Presumption of Prima Facie Validity.**

15. Under Bankruptcy Rule 3001(f), a claimant who properly executes and timely files a proof of claim is deemed to have made a prima facie showing of the validity and amount of the claim. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1998). But, a claimant's proof of claim is entitled to the presumption of prima facie validity only until an objecting party presents some contrary argument or evidence, after which the claimant has the burden to establish its claim as a matter of law. *In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998); *In re Eubanks*, 66 F.3d 321, 322 (5th Cir. 1995). Regardless, and despite the shifting burden applicable during the course of the claims objection process, "[t]he ultimate burden of proof *always* rests upon the claimant." *Fidelity Holding*, 837 F.2d at 698 (emphasis added).

16. The federal pleadings standards apply when assessing the validity of a proof of claim. *See In re Residential Capital, LLC*, 524 B.R. 465, 477 (Bankr. S.D.N.Y. 2015); *In re DJK*

*Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure."). Accordingly, the adequacy of the PHS Claim should be judged by Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

17. Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(a)(2) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). It is insufficient for a claim to simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Rather, the claimant must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough detail to illuminate the nature of the claims *and allow defendants to respond*." *Regis Techs., Inc. v. Oien (In re Oien)*, 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added).

18. The Claim lacks prima facie validity for two reasons: (1) PHS offers no factual allegations in support of its alleged damages for the pre-petition or post-petition Management Fees; and (2) the Claim is wholly lacking sufficient allegations regarding PHS's claims for fraudulent inducement, breach of contract, and wrongful termination and does not meet the minimal pleading standards of Rule 8(a)(2).

**B.      PHS Offers No Factual Allegations In Support Of its Alleged Damages For the Pre-Petition or Post-Petition Management Fees.**

19.    PHS offers no support for its alleged damages for pre-petition and post-petition services, other than two vague footnotes indicating that PHS's amounts are "estimates." In fact, from December 1, 2016 to the Petition Date, the Collected Revenue of the Debtor's Laboratory was $141,536.73, of which PHS is entitled to seventy percent (70%). This amount—$99,075.71— pales in comparison to the unsubstantiated $758,800 asserted by PHS. Likewise, from the Petition Date to March 21, 2017, the Collected Revenue of the Debtor's Laboratory was $37,644.08, of which PHS is entitled to $26,350.86. In total, the Management Fee due to PHS from December 1, 2016 through March 21, 2017 was $125,426.57. Given the Debtor made a partial payment of $72,645.06 to PHS on April 28, 2017, the Claim should be reduced to no more than $52,781.51. As such, to the extent the Court determines PHS's claim is valid, it should be reduced to an allowed amount of $52,781.51.

**C.      The Claim Lacks Sufficient Allegations Regarding PHS's Unliquidated Claims Against the Debtor.**

20.    The Claim is devoid of a single factual or legal allegation for its "various claims for unliquidated amounts . . . based on the Debtor's fraudulent inducement of PHS to enter into the MSA, the Debtors' breach of the MSA, and the Debtor's wrongful termination of the MSA." Not only does PHS conveniently omit any and all relevant facts for these claims, it fails to properly allege a single element of these causes of action against the Debtor.

   *i.     Fraudulent Inducement*

21.    Under Texas law, to establish a claim of fraudulent inducement, a plaintiff must allege that there was (1) "a material misrepresentation," (2) "which was false, and which was either known to be false when made or was asserted without knowledge of its truth," (3) "which was intended to be acted upon," (4) "which was relied upon," (5) "which caused injury," and (6)

"involve[d] a promise of future performance made with no intention of performing at the time it was made." *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015).

22. In this case, PHS's fraudulent inducement claim was insufficiently pled under Rule 8(a)(2), as, the Claim is completely devoid of specifically what misrepresentation was made or that such misrepresentation was false or known to be false, was intended to be acted upon, was relied upon, caused injury, and involved an empty promise of future performance.

   ii.     *Breach of Contract*

23. To prove a breach of contract claim, PHS must show: (i) the existence of a valid contract; (ii) performance or tender of performance by PHS; (iii) breach by the Debtor; and (iv) damages resulting from the breach. *See Cadillac Bar W. End Real Estate v. Landry's Rests., Inc.*, 399 S.W. 3d 703, 705 (Tex. App. 2013). Moreover, in order to properly establish a breach of contract claim, PHS must identify a specific provision in the contract that was breached by the Debtor. *See Coleman v. Bank of Am., N.A.*, No. 3-11-CV-0430-C-GB, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (dismissing breach of contract claim for failure to state a claim where "plaintiff points to no specific provision in the Deed of Trust that was breached by defendant.").

24. PHS has failed to properly plead a breach of contract claim against the Debtor because PHS has not identified or alleged (i) the provision of the MSA that was breached by the Debtor or (ii) how the Debtor breached the MSA, other than stating that the Debtor breached the MSA "upon information and belief." *See In re Heritage Org., L.L.C.*, No. 05-03512-BJH, 2006 WL 6508477, at *8 (Bankr. N.D. Tex. Jan. 27, 2006) (finding that claimant failed to state any facts or make any allegations in its proof of claim that would, if prove, support his breach of contract claim).

    *iii.*    *Wrongful Termination*

25. PHS's wrongful termination allegations are also inadequate under Rule 8(a)(2). To establish a claim for wrongful termination, PHS must allege that the Debtor had no legal basis for terminating the MSA. *See In re Matlock Land Ltd., Inc.*, 149 B.R. 425, 428 (Bankr. E.D. Tex. 1992). As with the other causes of action, PHS fails to allege any specific facts that the Debtor had no legal basis for terminating the MSA. In fact, pursuant to the MSA, either party could "terminate this Agreement *without cause* upon thirty (30) days written notice to the other party." MSA, ¶ 8(d). The Debtor's April 5, 2017 notice of termination letter properly complied with ¶ 8(d), thus PHS's wrongful termination claim has no merit.

26. As such, these "unliquidated claims" cannot meet the pleading requirements of the Federal Rules of Civil Procedure and must be dismissed for failure to state a claim. *See In re Stancil*, No. 01-02220, 2005 WL 3036647, at *39 (Bankr. D.C. Nov. 7, 2005) ("[W]hen an adequate factual basis for a claim is not stated, the proof of claim does not trigger Rule 3001(f) with respect to the claim."); *see also In re Broadband Wireless Intern. Corp.*, 295 B.R. 140, 146 (B.A.P. 10th Cir. 2003).

**D.**    **PHS Failed to Mitigate its Damages as Required Under Texas Law.**

27. Lastly, PHS had a duty to mitigate its damages under Texas law governing the MSA. *See Walker v. Salt Flat Water Co.*, 96 S.W.2d 231, 232 (Tex. 1936) ("Where a party is entitled to the benefits of a contract and can save himself from damages resulting from its breach at a trifling expense or with reasonable exertions, it is his duty to incur such expense and make such exertions."). The Claim, which is asserted in excess of $4 million, accounts for $0 in mitigation credit. Thus, the Claim Amount does not reflect PHS's duty to mitigate its damages. *See In re Mirant Corp.*, 332 B.R. 139, 147 (Bankr. N.D. Tex. 2005).

28. Accordingly, the Debtor requests that the Court enter an order disallowing and expunging PHS's Claim in its entirety.

V. **RESERVATION OF RIGHTS**

This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtor or any other party in interest to object to any claim on any grounds whatsoever, and the Debtor expressly reserves all further substantive or procedural objections it may have. The Debtor expressly reserves the right to amend, modify, or supplement this Objection and to file additional substantive or non-substantive objections to the Claim. Should one or more of the grounds of objection set forth in this Objection be overruled, the Debtor reserves the right to object to the Claim on any other applicable ground. The Debtor also expressly reserves the right to raise further objections.

Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

VI. **NOTICE**

The Debtor will provide notice of this Objection to: (a) PHS and its counsel; (b) the Office of the United States Trustee for the Eastern District of Texas; (c) the Official Committee of Unsecured Creditors and its counsel, and (d) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### VII. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: March  15, 2018
Dallas, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By:  */s/ William R. Greendyke*         ,
William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

AND

Ryan E. Manns (SBT 24041391)
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
ryan.manns@nortonrosefulbright.com

**COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

# **CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on March 15, 2018, a true and correct copy of the foregoing Objection was served electronically through the Bankruptcy Court's Electronic Case Filing System on those parties that have consented to such service and by Certified Mail, Return Receipt Requested on Principle HS, LLC and its counsel, at the below addresses:

Ryan G. Revisore
Principle HS, LLC
16840 Buccaneer Ln., Ste 261
Houston, TX 77058

David J. Drez III
Jason M. Rudd
Lauren K. Drawhorn
WICK PHILLIPS GOULD & MARTIN, LLP
100 Throckmorton Street, Suite 1500
Fort Worth, Texas 76102

                                                        */s/ Julie Goodrich Harrison*
                                                           Julie Goodrich Harrison

## **EXHIBIT A**

*Proposed Order*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| GAINESVILLE HOSPITAL DISTRICT D/B/A NORTH TEXAS MEDICAL CENTER,[1] § § § § § | | Case No. 17-40101 |
| DEBTOR. § § | | Chapter 9 |

**ORDER SUSTAINING DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 41 FILED BY PRINCIPLE HS, LLC**

ON THIS DATE the Court considered the Debtor's Objection to proof of claim # 41 filed by Principle HS, LLC (the "Claimant") on May 17, 2017, as amended on November 13, 2017, in the amount of $4,086,544.94. The Debtor filed such objection on March 15, 2018. The Court finds that the Objection contains proof sufficient to overcome the presumption of validity imposed by Fed. R. Bankr. P. 3001(f) and was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure. The Court further finds that the objection contained the appropriate 30-day negative notice language, pursuant to LBR 3007, which directed the Claimant to file a written response within 30 days or the objection to claim would be deemed by the Court to be unopposed. Due to the failure of the Claimant to file a timely written response to the objection, the Court deems the Debtor's claim objection to be unopposed and, therefore, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the Debtor's Objection to the Proof of Claim filed by Claimant is **SUSTAINED** and that claim # 41 filed by Principle HS, LLC is hereby disallowed in its entirety.

---

[1] The last four digits of the Debtor's federal tax identification number are: 1664. The location of the Debtor's principal place of business and the service address for the Debtor is: 1900 Hospital Blvd., Gainesville, TX 76240.

29521309.6                                              - 1 -